**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

JONATHAN BAHR, individually and on behalf of all others similarly situated,

      *Plaintiff,*

v.

FLORIDA INSURANCE SERVICES, INC.,

      *Defendant.*

                           /

CASE NO. 2:26-cv-14058-AMC

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

## FIRST AMENDED CLASS ACTION COMPLAINT

1.      Jonathan Bahr ("Plaintiff") brings this class action against Florida Insurance Services, Inc. doing business as Senior Life Services ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by making telemarketing calls, some of which used highly illegal artificial or prerecorded voice messages, to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

### PARTIES

3.      Plaintiff is a natural person.

4.      Defendant is a corporation that resides in this District.

### JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6.      This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District and directed its conduct towards Plaintiff from here.

## INTRODUCTION

7.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were

harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PLAINTIFF'S ALLEGATIONS

9. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—480-XXX-XXXX.

10. Defendant is a for-profit company that sells insurance, including life insurance, senior burial insurance, and products and services especially aimed at seniors looking to cover end-of-life costs.

11. Plaintiff Bahr is a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number, 480-XXX-XXXX, is on the National Do Not Call Registry and has been registered continuously since November 15, 2024.

13. Plaintiff's telephone number is used for residential purposes and is not associated with a business.

14. Plaintiff's telephone number is assigned to a residential telephone exchange service for consumers, not a telephone exchange service for businesses.

15. Plaintiff uses the telephone number for personal, family, and household purposes.

16. Mr. Bahr nonetheless received at least eighteen calls from Defendant from March 2025 to June 2025.

17. The calls were made from several caller IDs including ones with 480 and 623 area codes.

3

18.     The first call from Defendant was on March 12, 2025 from (480) 496-6340 with a caller ID of "Senior Life SVC."

19.     Plaintiff rejected the call.

20.     On March 13, 2025, Plaintiff received another call from Defendant from (480) 496-9239.

21.     Plaintiff answered the call, and spoke with an artificial voice who advertised Senior Life Services' insurance services.

22.     On April 8, 2025, Plaintiff received a third call from Defendant from (480) 496-6463.

23.     Plaintiff answered the call, and spoke with an artificial voice who advertised Senior Life Services' insurance services.

24.     From March 31, 2025 to May 19, 2025, Plaintiff received seven calls from Defendant at various 623 area code numbers.

25.     Each of the calls had "Senior Life SVC" as the caller ID.

26.     Defendant advertised and promoted life insurance products, including policies intended to cover end-of-life and burial expenses.

27.     Defendant directed Plaintiff to its website, including SeniorLifeServices.com, to review available life insurance products and services.

28.     Defendant asked Plaintiff whether he was responsible for making financial decisions, including decisions regarding insurance purchases.

29.     Defendant asked Plaintiff a series of health-related questions, including whether Plaintiff had any medical conditions.

30.     Defendant asked these questions to evaluate Plaintiff's eligibility for life insurance and to facilitate the sale of an insurance policy.

31.     Defendant's questions were part of a scripted sales process designed to qualify Plaintiff as a potential purchaser of insurance.

32.     On May 25, 2025, Plaintiff answered a call from Defendant at (623) 255-8390, and informed Defendant he was not interested and to stop calling.

33.     Despite that, Defendant called Plaintiff seven more times from May 29, 2025 to June 18, 2025.

34.     Plaintiff rejected each of these calls which all came from various 623 area code numbers with the same caller ID of "Senior Life SVC."

35.     Several of the calls to Plaintiff were artificial and prerecorded because the voice did not sound like a real human, but a robot.

36.     Moreover, the two artificial voice calls were similar in tone, speech, pattern, and content.

37.     The Plaintiff never asked for these calls.

38.     The Plaintiff never did any business with the Defendant.

39.     Plaintiff's privacy has been violated by the above-described pre-recorded telemarketing calls.

40.     Plaintiff never provided his consent or requested the calls.

41.     The calls were made to Plaintiff well over thirty-one days prior to Plaintiff's number being registered on the National Do Not Call Registry.

42.     The calls were made to advertise Defendant's products and services.

43.     The calls were all unwanted, nonconsensual encounters.

5

44.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ALLEGATIONS

45.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

47.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone call from Defendant promoting insurance products or services; (3) from four years prior to the filing of this case through the date of class certification.

> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

48.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

49.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

6

50.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51.     This Class Action Complaint seeks injunctive relief and money damages.

52.     Members of the Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

53.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

54.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

55.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

57.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a) Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b) Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c) Whether Defendant's conduct constitutes a violation of the TCPA; and

d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

58.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

59.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

60.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

61.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**<u>COUNT I</u>**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))**
**(On behalf of Plaintiff and the National Do Not Call Registry Class)**

62.     Plaintiff realleges and incorporates by reference paragraphs 1-55.

63.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

64.     Defendant violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

65.     These violations were willful or knowing.

66.     As a result of Defendant's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

67.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b))**
**(On behalf of Plaintiff and the Robocall Class)**

68.     Plaintiff realleges and incorporates by reference paragraphs 1-55.

69.     Defendant violated the TCPA by sending calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

70.     As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

71.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

72.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

9

A.      Certification of the classes as alleged herein;

B.      Appointment of Plaintiff as representative of the Classes;

C.      Appointment of the undersigned as counsel for the Classes;

D.      Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E.      Attorneys' fees and costs, as permitted by law; and

F.      Such other or further relief as the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 8th day of April, 2026.

Respectfully submitted by:

*/s/ Avi. R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed Classes*

10